Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| GLASBOX, INC., a Washington corporation, | NO. 2:23-cv-00419-BJR |
| Plaintiff and Counter-defendant, | |
| v. | **AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER** |
| BLUE WATER GLASS, INC., a Michigan corporation, | |
| Defendant and Counterclaimant. | |

Plaintiff – Counter Defendant Glasbox, Inc. and Defendant – Counter Plaintiff Blue Water Glass, Inc. (collectively, "the parties") hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") within each party's possession, custody, or control in this matter:

**A.       General Principles**

1.       An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.       As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and

STIPULATED ESI ORDER – 1
(2:23-cv-00419-BJR)

BLU047-0001

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

related responses should be reasonably targeted, clear, and as specific as possible. This agreement is intended to assist the parties in identifying relevant, responsive information that has been stored electronically and is proportional to the needs of the case. The agreement does not supplant the parties' obligations to comply with Fed. R. Civ. P. 34.

**B.      ESI Disclosures**

Within 30 days after entry of this Order, or at a later time if agreed to by the parties, each party shall disclose:

1.      Custodians. The custodians most likely to have discoverable ESI in their possession, custody or control, which shall be no less than three (3) custodians. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under his/her control.

2.      Non-custodial Data Sources. A list of non-custodial data sources (e.g. shared drives, servers, etc.), if any, likely to contain discoverable ESI.

3.      Third-Party Data Sources. A list of third-party data sources, if any, likely to contain discoverable ESI (e.g. third-party email and/or mobile device providers, "cloud" storage, etc.) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4.      Inaccessible Data. A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B). (Section (C)(3) below sets forth data sources and ESI which are not required to be preserved by the parties. Those data sources and ESI do not need to be included on this list.)

**C.      Preservation of ESI**

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

in the party's possession, custody or control. With respect to preservation of ESI, the parties agree as follows:

1.       Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody or control.

2.       All parties shall supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under (C)(3) or (D)(1)-(2) below).

3.       Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

a.      Deleted, slack, fragmented, or other data only accessible by forensics.

b.      Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

c.      On-line access data such as temporary internet files, history, cache, cookies, and the like.

d.      Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

e.      Back-up data that are substantially duplicative of data that are more accessible elsewhere, including backup systems and/or tapes used for disaster recovery.

f.      Server, system or network logs.

g.      Data remaining from systems no longer in use that is unintelligible on the systems in use.

h.      Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

i.      Social media data.

j.      Dynamic fields of databases or log files that are not retained in the usual course of business.

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

**D.      Privilege**

1.      <u>Privilege Log</u>.   A producing party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Agreement and Order. Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged and/or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title and date created.   Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure.   Privilege logs will be produced to all other parties no later than 60 days after delivering a production or no later than 30 days before the deadline for filing motions related to discovery, whichever comes first.

2.      Redactions need not be logged so long as the basis for the redaction is clear on the redacted document

3.      With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

4.      Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

5.      Pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b)

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

5.      Nothing in this Agreement shall be interpreted to require disclosure of information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.  The parties do not waive objections to the production, discoverability, admissibility, or confidentiality of documents and ESI.

6.      The entry of this ESI Order does not, on its own, obligate Defendant to produce software code, software components, game logic, operating systems, algorithms or other means for computation or operation of a game or gaming platform, which shall be subject to separate discovery requests and the terms of the Protective Order entered or to be entered in this matter, with all objections reserved.

**E.      ESI Discovery Procedures**

1.      On-site inspection of electronic media. Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2.      Search methodology. The parties shall timely attempt to reach agreement on appropriate search terms, or an appropriate computer or technology-aided methodology, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search terms or computer- or technology-aided methodology. In the absence of agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, the following procedures shall apply:

a.      Prior to running searches, a producing party shall disclose the search terms or queries, if any, and methodology that it proposes to use to locate ESI likely to contain

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

discoverable information. The parties shall meet and confer to attempt to reach an agreement on the producing party's search terms and/or other methodology.

b.     Upon reasonable request, a party shall also disclose information relating to network design, the types of databases, database dictionaries, the access control list and security access logs and rights of individuals to access the system and specific files and applications, the ESI document retention policy, organizational chart for information systems personnel, or the backup and systems recovery routines, including, but not limited to, tape rotation and destruction/overwrite policy.

c.     After disclosure, the parties will engage in a meet and confer process regarding additional terms sought by the non-producing party, if any.

d.     The following provisions apply to search terms / queries of the requesting party. Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided.   A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. The producing party may identify each search term or query returning overbroad results demonstrating the overbroad results and a counter proposal correcting the overbroad search or query.

e.     The producing party shall search both non-custodial data sources and ESI maintained by the custodians identified.

3.     <u>Format.</u>

a.     ESI will be produced to the requesting party with searchable text, in a format to be decided between the parties. Acceptable formats include, but are not limited to, native files, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

natural document breaks and also includes companion OCR and/or extracted text files), and searchable PDF.

b.      Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database and drawing files, should be produced in native format.

c.      Each document image file shall be named with a unique Bates Number (e.g. the unique Bates Number of the page of the document in question, followed by its file extension). File names should not be more than twenty characters long or contain spaces. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, i.e., the original formatting, the metadata (as noted below) and, where applicable, the revision history.

d.      The parties shall produce their information in the following format: single-page images and associated multi-page text files containing extracted text or with appropriate software load files containing all requisite information for use with the document management system (e.g., Concordance®, NextPoint®, or Summation®), as agreed to by the parties.

e.      If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

4.   <u>De-duplication.</u> The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party.

5.   <u>Metadata fields.</u> If the requesting party seeks metadata, the parties agree that only the following metadata fields need be produced: document type; custodian and duplicate custodians; author/from; recipient/to, cc and bcc; title/subject; attachment/document family information; file name and size; original file path; date and time created, sent, modified and/or received; and hash value. The list of metadata type is intended to be flexible and may be

1  changed by agreement of the parties, particularly in light of advances and changes in

2  technology, vendor, and business practices.

3

4  **SO STIPULATED:**

5

6     DATED: July 24, 2023.                        ARETE LAW GROUP PLLC

7                                                  By: */s/ Kevin Rosenfield*

8                                                  Kevin Rosenfield, WSBA No. 34972
                                                   1218 Third Avenue, Suite 2100
9                                                  Seattle, WA 98101
                                                   Phone: (206) 428-3250
10                                                 Fax:    (206) 428-3251
                                                   krosenfield@aretelaw.com
11

12                                                 *Attorneys for Plaintiff Glasbox, Inc.*

13

14

15                                                 CARNEY BADLEY SPELLMAN, P.S
      DATED: July 24, 2023.
16                                                 By: *s/ John R. Welch*

17                                                 John R. Welch, WSBA No. 26649
                                                   701 Fifth Avenue, Suite 3600
18                                                 Seattle, WA 98104
                                                   Phone:  (206) 622-8020
19                                                 Facsimile:  (206) 467-8215
                                                   Email: welch@carneylaw.com
20

21                                                 *Attorneys for Defendant Blue Water Glass,
                                                   Inc.*
22

23

24

25

26

STIPULATED ESI ORDER – 8
(2:23-cv-00419-BJR)

BLU047-0001

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

1

## __ORDER__

2
Based on the foregoing stipulation, IT IS SO ORDERED.

3

4
        DATED this 10th day of August, 2023.

5

6

7
        Barbara Jacobs Rothstein
        U.S. District Court Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED ESI ORDER – 9
(2:23-cv-00419-BJR)

BLU047-0001

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020