The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GLASBOX, INC., a Washington corporation,

    Plaintiff and Counter-defendant,

v.

BLUE WATER GLASS, INC., a Michigan corporation,

    Defendant and Counterclaimant.

No. 2:23-cv-00419

**STIPULATED PROTECTIVE ORDER**

By and through their attorneys of record, plaintiff and counter-defendant Glasbox, Inc. ("Glasbox") and defendant and counter-claimant Blue Water Glass, Inc. ("BWG") hereby enter into the following Stipulation. This Stipulation regarding confidential information (the "Protective Order") shall govern the handling of all materials produced, served or otherwise provided in the above-captioned case (the "Action") by Glasbox and BWG (collectively, the "Parties") or others, including but not limited to filings, documents, things, deposition transcripts, exhibits and videotapes and responses to written discovery.

**RECITALS**

1. Certain documents and information in the Action may contain or constitute private financial information or other confidential business or commercial information, trade secrets, or matters protected by a company's right to privacy;

STIPULATED PROTECTIVE ORDER
No. 2:23-cv-00419 – Page 1

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

2. The Parties contend that the disclosure of such information would cause serious harm in that it could be used for improper purposes and/or cause harm to their business, unfair advantages to their competitors and/or other hardships;

3. The following procedures, terms, and conditions will act to protect any such information in the Action.

NOW, THEREFORE, the following procedures, terms, and conditions shall govern the handling, examination, review and use of confidential information disclosed by the Parties, Party witnesses, including expert witnesses, and/or third parties during the course of proceedings in the Action, other than trial. These procedures shall survive the termination of the Action.

## STIPULATION

**A.  Definitions**

1. "Material" consists of all documents, testimony, interrogatories, responses, and other information or materials filed, produced, given, or exchanged by any named party to the Action or non-party during the Action, whether in hard copy or electronic, digital or other form. For purposes of this Protective Order, Material produced by a present or former owner, member, officer, director, partner, agent, consultant or employee of a Party to this action or non-party shall be deemed to have been produced by that Party or non-party.

2. The person who produces Material is the "Producing Party."

3. Each Party to this Action who receives Material is a "Receiving Party."

4. "Confidential Material" consists of Material that is treated by any Party as confidential and designated as "Confidential" according to the procedures, terms and conditions of this Protective Order.

STIPULATED PROTECTIVE ORDER
No. 2:23-cv-00419 – Page 2

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

**B.      Scope of Protective Order**

The provisions of this Protective Order shall apply to (i) Glasbox; (ii) BWG; and (iii) any other person or entity who produces or provides Material in this Action and agrees to be bound by the terms, conditions, and restrictions of this Protective Order.  Obligations binding on Glasbox and/or on BWG shall also be binding on its attorneys and its affiliates.  The prohibition of any act by this Protective Order shall also constitute a prohibition against suffering, permitting, or facilitating such act.

**C.      Designation, Disclosure and Use of Confidential Information**

1.      Any party to this litigation and any third party shall have the right to designate as "Confidential Material" and subject to this Order any information, document, or thing, or portion of any document or thing that (a) contains trade secrets or competitively sensitive technical, marketing, financial, sales or other confidential business information, (b) contains private or confidential personal information, (c) contains information received in confidence from third parties with the express understanding that it be held in confidence, or (d) the Producing Party otherwise believes in good faith to be otherwise protectable under applicable law.

2.      Any party producing or disclosing information in response to discovery in this Action that has a good faith basis for believing that such discovery material contains nonpublic confidential, proprietary, commercially sensitive, and/or trade secret information may designate that information as "Confidential" under the terms of this Stipulation.

3.      The following list of information, materials, documents, and/or packages thereof is hereby designated as "Confidential Material" in accordance with the terms of this Stipulation, provided that such information, materials, documents, and/or packages had not been previously provided or exchanged by or between parties without being designated as "Confidential Material" :

(i)      Bidding information generated and/or submitted by Glasbox or BWG;



(ii) Estimates, quantity take-offs, and estimating documents;

(iii) Cost reports;

(iv) Accounts payable reports;

(v) Payroll reports, certified or otherwise;

(vi) Profit/earnings and loss reports;

(vii) Labor and/or production reports;

(viii) Financial statements and reports, certified or otherwise;

(ix) Income and tax reports;

(x) Property and real estate assessments;

(xi) Revenue reports;

(xii) Budget/forecast reports and/or projections; and

(xiii) Documents containing information used to produce or derived from any of the above.

4. In addition to the Confidential Material listed in Paragraph 3 of this Stipulation, designation of Confidential Material may also occur by marking it with the following or a substantially similar legend: "CONFIDENTIAL." All designations of Confidential Material shall be reasonable and in good faith.

5. If a Producing Party inadvertently produces information or documents that it considers to be Confidential Material, without having designated it as such in advance, the Producing Party may notify the Receiving Party in writing of its intent to designate such information or documents as Confidential Material, explaining why it believes that the information or documents are considered to be Confidential. Inadvertent production of information or documents that the Producing Party considers Confidential Material shall not constitute a waiver of any otherwise valid claim for protection. At such time, arrangements shall be made for the return to the Producing Party of all copies of the inadvertently

STIPULATED PROTECTIVE ORDER
No. 2:23-cv-00419 – Page 4

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

produced Material and for the substitution, where appropriate, of properly designated and labeled copies.

6. Material designated as "Confidential" shall not be disclosed other than as expressly authorized in this Protective Order and may be disclosed only to:

a) The Court and its personnel;

b) Counsel of record in this litigation (including staff persons employed by such counsel);

c) Officers, directors and employees of the Parties, including in-house counsel, but only to the extent necessary to participate in, assist in and monitor the progress of this Action and for no other purpose;

d) Any witness during deposition;

e) Any consultant, investigator or expert witness (collectively, "Expert") who is assisting in the preparation and trial of this litigation, but only to the extent reasonably necessary to enable such Expert to render such assistance;

f) Court reporters, stenographers, or videographers employed to take or record depositions;

g) Third parties specifically retained to assist outside counsel in copying, imaging, and/or coding of documents, but for that purpose only, provided that all such documents are kept and maintained in a separate and secure place and that the third party retained to copy, image, or code confidential documents is not currently performing any services, either as an employee, consultant or otherwise for any competitor of any party to this Action or for one having an interest adverse to any party to this Action;

h) The author of the document or the original source of the information;

STIPULATED PROTECTIVE ORDER
No. 2:23-cv-00419 – Page 5

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

        i)      Any designated recipient of the document; and

        j)      Any other person to whom the Producing Party has consented to disclosure in advance and in writing.

7. If a Party wishes to disclose any Material designated as "Confidential" to any person not described in paragraph C.6 of this Protective Order, permission to so disclose must be requested from the Producing Party in writing. If the Producing Party objects to the proposed disclosure, no such disclosure shall be made unless, upon motion by the party requesting such permission pursuant to this Protective Order, the Court orders otherwise. Each Producing Party may, however, disclose its own Confidential Material without regard to this Protective Order.

8. Nothing in this Stipulation and Protective Order shall impact the ability of any party to assert objections and/or withhold documents on the basis of any recognized objection(s).

**E.** **Depositions**

The Parties agree to use their best efforts to designate any deposition transcripts or portions thereof which contain Confidential Material as such during the deposition. With respect to depositions during which there has been disclosure of Confidential Materials , the party or third party designating the material as Confidential may make the designation at the deposition itself but also shall have until fourteen (14) days after receipt of the deposition transcript within which to inform all parties which portions of the transcript are to be designated as Confidential Material , which period may be extended by agreement of the parties. During the 14-day period, no deposition transcript shall be disclosed to anyone other than the individuals described in paragraph C.6 of this Stipulation/Order and the deponent. Upon being informed that certain portions of a deposition are to be designated as Confidential , all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately treated so as to limit disclosure of that transcript in

STIPULATED PROTECTIVE ORDER
No. 2:23-cv-00419 – Page 6

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

accordance with preceding Paragraphs of this Stipulation/Order pending proper designation of those portions that will actually be protected after the 14 days.

F. **Objections**

A party shall not be obligated to challenge the propriety of a Confidential designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto at any time during this litigation. If counsel for a Party receiving documents or information in discovery in this case objects to the designation of any of the Confidential Material, the following procedures shall apply:

1. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and state the grounds for objection. Counsel for the designating party or third party shall respond in writing to the objection within ten (10) calendar days, and state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed withdrawn. If the designating party or third party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute. If the designating party or third party does not agree to de-designate the Materials identified by the objecting party, the parties shall conduct an in-person or telephonic meeting within ten (10) calendar days of the designating party's or third party's written response to the objecting party (unless the Parties mutually agree to a longer time) and confer in good faith in an effort to resolve the dispute.

2. If a dispute as to a designation as Confidential Material cannot be resolved by agreement and in accordance with the process in paragraph F.1, either party may present the dispute to the Court   To maintain confidential status in the event of such an application, the proponent of confidentiality must show by a preponderance of the evidence that there is



good cause for the Material to have such protection.  The designated Material shall continue to be treated as Confidential under this Protective Order unless and until the Court rules otherwise.

**G.      Miscellaneous**

1. All Material designated "Confidential" shall be kept in secure facilities, and access to those facilities shall be permitted only to those persons set forth in Paragraphs C.6, as applicable.  The recipient of Confidential s shall also exercise at all times due and proper care to ensure the continued confidentiality of the material.

2.

3. In the case of inadvertently produced Material protected by the attorney-client privilege and/or attorney work product doctrine, upon request of the Producing Party, the inadvertently produced Material together with all copies thereof and any notes made therefrom shall be returned forthwith to the party claiming protection under the attorney-client privilege and/or attorney work product doctrine.

4. Any person to whom Confidential Material may be disclosed pursuant to this Protective Order, except the Court and its personnel, first shall be shown and shall read a copy of this Protective Order and shall agree to be bound by its terms.

5. Should a party intend to use Confidential Material in motion papers, as exhibits thereto, or in connection with other necessary or appropriate uses in this Action, the parties and their counsel shall file such documents under seal, to the extent possible.

6. Except to the extent expressly authorized in this Protective Order, no Confidential Material shall be used or disclosed for any purpose other than the preparation and trial of this case and/or any appeal therefrom.

7. Any summary, compilation, notes or copy containing confidential information from Confidential Materials, any information derived from such Materials (whether oral, written or electronic) and any electronic image or database containing such

STIPULATED PROTECTIVE ORDER
No. 2:23-cv-00419 – Page 8

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

Materials, shall be subject to the terms of this Protective Order to the same extent as the Confidential Material and/ from which such summary, compilation, notes, copy, electronic image or database is made or derived.

8. Nothing in this Protective Order shall be deemed to restrict in any manner the use by any Producing Party of any information in its own documents and materials.

9. Notwithstanding any other provision of this Protective Order to the contrary, the confidentiality obligations of this Order shall not apply or shall cease to apply to any information that: (i) at the time of disclosure, was already in the public domain by publication or otherwise; (ii) since the time of disclosure, has become, through no act or failure on the part of the Receiving Party, part of the public domain by publication or otherwise; or (iii) after disclosure, was acquired by the Receiving Party from a third party lawfully possessing the same and having no obligation to the Producing Party.

10. This Protective Order shall not prevent any of the Parties from moving this Court for an order that Confidential Material may be disclosed other than in accordance with this Protective Order.  This Protective Order is without prejudice to the right of any party to seek modification of it from the Court.  It shall remain in effect until such time as it is modified, amended or rescinded by the Court.  This Protective Order does not affect any party's rights to object to discovery on any grounds other than an objection based solely on the ground that the information sought constitutes or contains Confidential Material.

11. This Protective Order is not intended to govern the use of Confidential Materials at any trial of this Action.  Questions of the protection of Confidential Material during trial will be presented to the Court and the Producing Party prior to or during trial as each party deems appropriate.

12. This Court shall have continuing jurisdiction to modify, amend, enforce, interpret or rescind this Protective Order notwithstanding the termination of this action.

STIPULATED PROTECTIVE ORDER
No. 2:23-cv-00419 – Page 9

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

13. Within sixty (60) days after conclusion of this action, all Confidential Material (other than exhibits at the official court of record) shall be returned to the Producing Party or, at the sole option of the Producing Party, shall be destroyed.

14. The designation or non-designation of any Material shall not have any bearing on any issues in the Action, including any claim that a failure to designate certain Material constitutes a waiver of any right to claim that such Material contains proprietary information and/or trade secrets, other than as specified herein.

*[Signature Page to Follow]*

STIPULATED PROTECTIVE ORDER
No. 2:23-cv-00419 – Page 10

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

**SO STIPULATED:**

DATED: July 24, 2023.   ARETE LAW GROUP PLLC

By: */s/ Kevin Rosenfield*
Kevin Rosenfield, WSBA No. 34972
1218 Third Avenue, Suite 2100
Seattle, WA 98101
Phone: (206) 428-3250
Fax:    (206) 428-3251
krosenfield@aretelaw.com

*Attorneys for Plaintiff Glasbox, Inc.*

DATED: July 24, 2023.   CARNEY BADLEY SPELLMAN, P.S.

By: *s/ John R. Welch*
John R. Welch, WSBA No. 26649
701 Fifth Avenue, Suite 3600
Seattle, WA 98104
Phone:  (206) 622-8020
Facsimile:  (206) 467-8215
Email: welch@carneylaw.com

*Attorneys for Defendant Blue Water Glass, Inc.*

STIPULATED PROTECTIVE ORDER
No. 2:23-cv-00419 – Page 11

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

**ORDER**

Based on the foregoing stipulation, IT IS SO ORDERED.

DATED this 10th day of August, 2023.

*[signature]*
Barbara Jacobs Rothstein
U.S. District Court Judge

STIPULATED PROTECTIVE ORDER
No. 2:23-cv-00419 – Page 12

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250